Marilyn A. Smith v. Commissioner.
Smith v. Commissioner
Docket No. 521-64.
United States Tax Court
T.C. Memo 1965-141; 1965 Tax Ct. Memo LEXIS 192; 24 T.C.M. (CCH) 747; T.C.M. (RIA) 65141; May 24, 1965
George A. Beck, for the petitioner. Bernard Goldstein, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner made two adjustments in connection with the audit of petitioner's 1962 income tax return resulting in the determination of a deficiency in the amount of $188.42. Only one of the adjustments is in controversy, namely, the disallowance of an $822 deduction under Section 214, Internal Revenue Code of 1954, for care of her three minor children while she was gainfully employed. She now concedes that her claimed deduction cannot exceed $600. See Section 214(b)(1)(A). Her right to the $600 deduction turns upon whether the children were her "dependents" within the meaning of Sections *193 214(c)(1), 151(e)(1), and 152(a). Petitioner was divorced from her former husband, Robert E. Smith. She was awarded custody of their three children, who were born in 1953, 1954 and 1957. Pursuant to separation agreements and the divorce decree, the former husband in 1962 paid petitioner $2,386.60 for support of the children and $857.66 as alimony, and in accordance with those agreements and the decree permitting the husband to claim the children as exemptions in his income tax returns, petitioner did not claim them as exemptions in her 1962 return. In addition to the foregoing amounts received by petitioner in 1962 she also received $4,822.82 in wages as a secretary and gross rents in the amount of $1,080 from certain residential property. Petitioner and the three children lived with her parents during 1962 and paid no rent (apart from paying for utilities for two months). Their residence was either adjacent to or near the property from which petitioner received the foregoing $1,080 rent, and was comparable in character to that property. In computing the total amount of the children's support, an allocable portion of the rental value of the premises in which they lived must, *194 of course, be taken into account. Rev. Rul. 235, 1953-2 C.B. 23, as modified by Rev. Rul. 58-302, 1958-1 C.B. 62. In support of her position that she contributed more than one-half the support of her three children, petitioner presented evidence as to a wide range of items, including "baby sitting", day camp, dairy, meat, drugs, medical, dental, church contributions, dry cleaning, furniture, shoes, clothing, school books, lunches, haircuts, insurance, toys, entertainment, house cleaning, laundry, utilities including telephone, attorney's fees, automobile and miscellaneous charges. Her testimony, on the whole, was candid and credible and was supported to a considerable extent by cancelled checks or bills. The former husband testified as to some amounts, aggregating somewhat over $100, spent by him for the children, in addition to the amounts paid by him directly to petitioner for support of the children. The evidence presents a close question of fact, and, notwithstanding the generally credible and reliable testimony given by petitioner, we are unable to find that she supplied more than one-half the support of the three children in 1962 as required *195 by Section 152. Accordingly, Decision will be entered for the respondent.